IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT A. CORRY,

     Petitioner,    Civil No. 09-464-AA

      v.       ORDER

SUPERINTENDENT JEAN HILL,

     Respondent.

AIKEN, District Judge.

   Petitioner is in the custody of the Oregon Department of Corrections pursuant to the Judgment, dated August 6, 2003, from Marion County Circuit Case No. 03C42821 after a conviction of Sexual Abuse in the First Degree. After pleading "no contest" to the charge, the trial court imposed a sentence of 75 months.

   Petitioner directly appealed his conviction on three separate occasions, but the Oregon Court of Appeals dismissed each appeal, Exhibits 108 - 119, and petitioner did not seek review by the Oregon Supreme Court.

   Petitioner filed a Formal Petition for Post-Conviction

1 - ORDER

Relief (Exhibit #120) but the court denied relief.  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibit 140 - 146.

Petitioner filed a successive petition for post-conviction relief, but the court denied the petition and dismissed the case with prejudice.  Exhibits 148, 151.

Petitioner filed a petition for mandamus in *State v. Corry*, Supreme Court Case No. S056773, but the Oregon Supreme Court denied the petition. <u>See</u>, Exhibits 152 - 154.

Petitioner filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 alleging six claims of ineffective assistance of counsel and a claim about the "meaning of the work 'month' as applied to Oregon Felony sentencing laws." Petition (#1) p. 6.

Petitioner's federal habeas petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. <u>Woodford v. Garceau</u>, 538 U.S. 202, 210 (2003).  Under AEDPA, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if

it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing <u>Bell v. Cone</u>, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>,

supra at 688.  The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., at 694.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome."  Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must
> be highly deferential and that every effort [must
> be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.
> Thus, even when a court is presented with an
> ineffective assistance claim not subject to §
> 2254(d)(1) deference, a defendant must overcome the
> presumption that, under the circumstances, the
> challenged action might be considered sound trial
> strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

4 - ORDER

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) In (*per curiam*).

In Ground A petitioner alleges that trial counsel "was ineffective when he failed to investigate claims of alleged victim that were disingenuous.  If trial counsel had investigated these claims, he would have been able to discredit the alleged victim, and insisted on going to trial." Petition (#1) p. 4.

The PCR court considered this claim and concluded that trial counsel "fully investigated the case ... and was fully ready to go to trial had petitioner wanted him to."  Exhibit 138, p. 22.  This factual finding is presumed correct absent clear and convincing evidence to the contrary.  28 U,S.C. § 2254(d)(2).  The PCR court also made a legal conclusion that petitioner's plea was knowing and voluntary.  Exhibit 138, p. 22. This conclusion is entitled to deference and is supported by the record before the court.

Petitioner argue that if trial counsel had investigated the claims of the victim  he would have learned that the victim's statements were "disingenuous." In the context of a plea, the relevant inquiry is whether information found in the forsaken line of investigation would have caused counsel to change his advice on whether to plead guilty.  <u>Hill  v.</u>

Lockhart, supra at 59.    Courts will reject claims of
ineffective assistance of counsel for failure to investigate
when the record demonstrates that the "petitioner would have
pled guilty despite the additional evidence and where the
additional evidence was unlikely to change the outcome of the
trial."  Lambert v. Blodgett, 393 F.3d 943 (9 [th] Cir. 2004)
(citing Hill, 474 U.S. t 56).

Counsel testified that he engaged in an extensive
investigation and was prepared to go to trial.    Exhibit 135,
p. 2.   He and his investigator spent 55 hours investigating
petitioner's case.   Id.   Counsel obtained the victim and her
sister's school records and DHS records, interviewed several
possible witnesses, and prepared 10 subpoena's.   The PCR court
finding that trial counsel fully investigated the case is
supported by the record.

Petitioner has not identified how the victim's statements
would have proved "disingenuous" or what information that, if
discovered, would have caused him not to plead no contest.
Accordingly, petitioner has failed to establish that his
counsel was deficient for failing to investigate and Ground A
is denied.

In Ground B, petitioner alleges that his counsel was
ineffective "when he misinformed defendant of the potential
maximum sentence." Petition (#2) p. 4.   Petitioner contends
that his attorney informed him that he faced the risk of
consecutive sentences for the two counts of sex abuse if he

6 – ORDER

proceeded to trial. Petitioner argues that he "would not have been at risk for any type of consecutive sentences, even if he was convicted of both charges." Id.

The PCR court considered this claim and found that petitioner failed to meet his burden of proof, and also adopted the reasoning of the attorney general's brief that petitioner could have, in fact, received consecutive sentences for the two counts of sex abuse. Exhibit 139 and Exhibit 129 p. 13-14 ["Petitioner's exposure to a consecutive sentence was high; he committed two separate acts of sexual abuse. Petitioner was aware of this risk and entered his plea."]

This finding is entitled to deference because it is neither contrary to nor an unreasonable application of Strickland.

Moreover, it is correct and supported by the record. Under Oregon law, petitioner could have received consecutive sentences for the two counts for which he was charged. See, ORS 137.123(5). Petitioner's counsel was not deficient for correctly informing petitioner that he faced a risk of consecutive sentences.

In Ground C petitioner alleges that his counsel was ineffective for failing to "have a timely release hearing for the defendant." Petition (#1) p. 5. In Ground D petitioner alleges that his counsel was deficient for failing to object to the indictment's lack of reference to Measure 11 at

petitioner's bail hearing. Id.[1]  In Ground E petitioner alleges that his counsel was deficient for not "having access to his Criminal File at the Bail Hearing" and that as a result petitioner was denied bail. Id. p. 6.[2]

A habeas petition may be considered only if it alleges that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). There is no absolute Constitutional right to bail other than the due process right to be free from arbitrary decisions. See, Kelly v. Springett, 527 F.2d 1090, 1093 (9th Cir. 1975). The matters alleged in Grounds C, D and E have to do whether petitioner was released on bail - prior to the entry of his plea - and do not related to his current custody.

In Ground F, petitioner alleges that the cumulative errors of trial counsel caused him to enter a plea bargain when he otherwise would not have.

As discussed above, trial counsel was not deficient in any of the particulars alleged by petitioner.  Since there was no error by counsel, there is no basis for a finding of cumulative error. See, Boyd v. Brown, 404 F.3d 1159, 1176 (9th

---

[1]To the extent that Ground D can be construed as a challenge to the court's (alleged) lack of jurisdiction to "convict and sentence petitioner under [Ballot Measure 11]," it is without merit because petitioner accepted a negotiated plea agreement which provided for mandatory minimum sentence of 75 months.

[2]Petitioner *did* have a bail hearing, and bail was granted and set at the statutorily-required amount of $100,000. Exhibit 107, p. 10.

Cir. 2005)

In Ground G, petitioner alleges that Oregon Courts and the Oregon Department of Corrections misapply Oregon state sentencing statutes by misinterpreting the term "month."

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).  In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the

legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

Accordingly, a federal claim is "fairly presented to the state courts only if it was (1) properly presented to the state's supreme court, (2) as a federal question, (3) in the

appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

Petitioner raised a claim about the meaning of the term "month" in his Petition for Alternative Writ of Mandamus in the Oregon Supreme Curt.  <u>See</u>, Exhibits 153 and 154.

Assuming *arguendo* that an original petition for mandamus in the Oregon Supreme Court is the appropriate way to raise this sentencing issue, petitioner did not raise it as a constitutional claim. Accordingly, the constitutional challenge he now raises was not "fairly presented" to the state court. <u>Gray v. Netherland</u>, 581 U.S. 152, 162-163 (1996) (to "fairly present" a federal claim in state court, habeas petitioner's must "include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief").

Assuming *arguendo* that Ground Seven was "fairly presented" to Oregon state courts, exhausted, and is properly before this court, I find as follows.

Federal courts may entertain applications for writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983).

11 - ORDER

Petitioner's Ground Seven presents a state law issue relating to the interpretation of a state statute.[3] The Oregon court rejected this Oregon law claim in petitioner's mandamus proceeding, <u>See</u>, Exhibit 154, and that decision is bonding on the federal court. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("it is not the providence of a federal habeas court to reexamine state-court determinations on state law questions.").

Lastly, I find that petitioner's argument in support of Ground Seven is unconvincing and that the claim fails on the merits.

Based on the foregoing, petitioner's Petition (#1) is denied. This proceeding is dismissed.

IT IS SO ORDERED.

*The court certifies that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253( c) (2). This cause is not appropriate for appellate review.*

IT IS SO ORDERED

DATED this 12th day of December, 2009.

<u>Ann Aiken</u>
Ann Aiken
United State District Judge

---

[3]In petitioner's Responsive Pleading (#14), petitioner appears to argue that Ground Seven arises under the Fourteenth Amendment to the Federal Constitution" as well as an individual's "God given right to be treated equally." Responsive Pleading (#14) p. 2.